UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on November 15, 2007

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. CR-08-212 |
| | : | Mag. No. 07-561 |
| v. | : | Grand Jury Original |
| HAPHEN CHITSA, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 371 (Conspiracy); |
| | : | 18 U.S.C. § 2314 (Interstate Transportation of Securities Taken by Fraud); |
| Defendant. | : | 22 DC Code §§ 22-3211, 22-3212(a) (First Degree Theft); and |
| | : | 18 U.S.C. §981(a)(1)(C), 28 U.S.C. §2461(c) (Criminal Forfeiture). |

LAMBERTH, C.J. RCL

**INDICTMENT**

FILED IN OPEN COURT
JUL 17 2008
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

The Grand Jury charges that:

**COUNT ONE**

**Introduction**

At all times material to this Indictment:

1. A moving and storage company identified in these proceedings as "S Storage Company" was located on Florida Avenue, N.W., in the District of Columbia.

2. The defendant HAPHEN CHITSA worked in the accounting department at S Storage Company from April 2006 to July 2007; it was defendant CHITSA's job to manage accounts payable, including: creating accounts; handling invoices; paying vendors; and preparing and delivering checks. As such, she had access to the computer system of S Storage Company.

3. Co-conspirator Teresa Ann White did not work at S Storage Company.

Case Related To CR 08-044-RCL

## The Conspiracy

4. From in or before April 2007, and continuing thereafter through at least July 2007, in the District of Columbia and elsewhere, the defendant HAPHEN CHITSA did unlawfully and knowingly conspire, combine, confederate, and agree with other persons both known and unknown to the grand jury to commit offenses against the United States, that is, engaging in a scheme to transport across state lines checks, worth in excess of $5,000, taken by fraud, in violation of 18 U.S.C. § 2314.

## Goal of the Conspiracy

5. It was a goal of the conspiracy that defendant HAPHEN CHITSA and her co-conspirators would embezzle over $195,000 from S Storage Company by tricking its accounting system into issuing extra checks, taking these fraudulently obtained checks across state lines, depositing the checks into a bank account in Maryland, and sharing the ill-gotten proceeds.

## Manner and Means

6. It was part of the conspiracy that the defendant HAPHEN CHITSA would create a new account under the name of an existing vendor, a transportation company identified in these proceedings as "G/A Transporters," a legitimate transportation company.

7. It was a further part of the conspiracy that the defendant HAPHEN CHITSA would use invoices from G/A Transporters to deceive the accounting system at S Storage Company to generate duplicate checks as if to pay for invoices, which had already been paid. In less than three months' time, in the District of Columbia, defendant CHITSA fraudulently generated nine checks, totaling $195,862.73 payable to G/A Transporters payable by S Storage Company.

8. It was a further part of the conspiracy that the defendant HAPHEN CHITSA would gain physical possession of these fraudulently generated checks.

9. It was a further part of the conspiracy that, on or about April 12, 2007, at the direction of the defendant HAPHEN CHITSA, co-conspirator Teresa Ann White opened a bank account at a Maryland branch of BB&T bank using the business name "G/A Transporters," and her own identifiers. Neither the co-conspirator White nor defendant CHITSA had the authority to open such an account.

10. It was a further part of the conspiracy that from on or about April 2007 to June 2007, the defendant HAPHEN CHITSA gave co-conspirator Teresa Ann White nine fraudulently obtained checks, totaling more than $195,000, generated in the District of Columbia; following directions of defendant CHITSA, co-conspirator White deposited these checks into the recently opened G/A Transporters bank account, each time depositing the checks into Maryland branches of the bank. These checks were drawn on the account of S Storage Company, with the District of Columbia address printed on the face of each check.

11. It was further part of the scheme to defraud that, thereafter, again at the direction of the defendant HAPHEN CHITSA, co-conspirator Teresa Ann White withdrew cash from the G/A Transporters' BB&T Bank account and gave thousands of dollars at a time to the defendant HAPHEN CHITSA; co-conspirator White also used money from the account for her own personal expenses.

### Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, the defendant HAPHEN CHITSA and other members of the conspiracy committed the following overt acts, among others, in the District of Columbia and elsewhere:

12. On or before April 5, 2007, in the District of Columbia, the defendant HAPHEN CHITSA tricked the accounting computer system at S Storage Company into creating another account in the name of G/A Transporters.

13. On or about April 12, 2007, in the District of Maryland, the co-conspirator Teresa Ann White opened a bank account in the name of G/A Transporters using her own address and identifying information.

14. Sometime between the dates listed below, in the District of Columbia and elsewhere, the defendant HAPHEN CHITSA transported or caused to be transported across state lines from the District of Columbia to the State of Maryland, the fraudulently generated and embezzled checks written on the account of S Storage Company and in the amounts listed below:

| DATE (to/from)   | AMOUNT      |
| ---------------- | ----------- |
| 4/5/07 - 4/23/07 | $12,649.40  |
| 4/11/07 - 4/12/07| $9,618.00   |
| 4/30/07 - 5/2/07 | $26,825.24  |
| 5/10/07 - 5/14/07| $23,470.00  |
| 5/17/07 - 5/21/07| $18,986.00  |
| 5/31/07 - 5/31/07| $18,968.00  |
| 5/31/07 - 6/11/07| $40,524.64  |
| 6/21/07 - 6/22/07| $35,203.45  |
| 6/21/07 - 6/22/07| $9,618.00   |

15. On or about the dates listed below, in the District of Maryland, the co-conspirator Teresa Ann White deposited the fraudulently generated and embezzled checks written on the account of

S Storage Company in the amounts listed below into the bank account which she opened without authority in the name of G/A Transporters.

| DATE | AMOUNT |
|---|---|
| 4/23/07 | $12,649.40 |
| 4/12/07 | $9,618.00 |
| 5/2/07 | $26,825.24 |
| 5/14/07 | $23,470.00 |
| 5/21/07 | $18,986.00 |
| 5/31/07 | $18,968.00 |
| 6/11/07 | $40,524.64 |
| 6/22/07 | $35,203.45 |
| 6/22/07 | $9,618.00 |

**(Conspiracy, in violation of Title 18, United States Code, Section 371.)**

## COUNT TWO

### (INTERSTATE TRANSPORTATION OF SECURITIES TAKEN BY FRAUD)

1.     Paragraphs 1 through 3 and 5 through 15 of Count One of this Indictment are realleged and incorporated by reference as if set out in full.

2. From in or about April 2007 to in or about July 2007, in the District of Columbia and elsewhere, the defendant HAPHEN CHITSA did unlawfully transport and cause to be transported in interstate commerce from the District of Columbia to the State of Maryland securities taken by fraud, to wit, checks from S Storage Company, of the value of $5,000 or more, knowing the same to have been taken by fraud.

**(Interstate Transportation of Securities Taken by Fraud, in violation of Title 18, United States Code, Section 2314).**

## COUNT THREE

### (THEFT IN THE FIRST DEGREE)

1.  Paragraphs 1 through 3 and 5 through 15 of Count One of this Indictment are realleged and incorporated by reference as if set out in full.

2.  From between in or about April 2007, until in or about July 2007, in a continuing course of conduct, in the District of Columbia, defendant HAPHEN CHITSA wrongfully obtained property, that is checks, worth in excess of $250, that is, specifically $195,862.73, from S Storage Company with the intent to appropriate the property to her own use and to the use of third persons.

**(Theft in the First Degree, Aiding and Abetting, in violation of Title 22, District of Columbia Code, Sections 3211(b)(2) and 3212(a)).**

### FORFEITURE ALLEGATION AS TO COUNT ONE

1.  The violation alleged in Count One of this Indictment is realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  As a result of the violation alleged in Count One of this Indictment, the defendant HAPHEN CHITSA shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including, but not limited to:

Money Judgment

> $195,862.73 which represents the sum of money equal to the total amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of conspiracy as set forth in Count One.

By virtue of the commission of the felony offense charged in Count One of this Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds

obtained directly or indirectly, as the result of such offense is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). If, as a result of any act or omission of the defendant, the property identified above:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c)).**

## FORFEITURE ALLEGATION AS TO COUNT TWO

1. The violation alleged in Count Two of this Indictment is realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of the violation alleged in Count Two of this Indictment, the defendant HAPHEN CHITSA shall forfeit to the United States any property, real or personal, which constitutes

or is derived from proceeds traceable to such violation, including, but not limited to:

Money Judgment

>$195,862.73 which represents the sum of money equal to the total amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the interstate transportation of money taken by fraud as set forth in Count Two.

By virtue of the commission of the felony offense charged in Count Two of this Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). If, as a result of any act or omission of the defendant, the property identified above:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and incorporating by reference Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c)).**

A TRUE BILL

FOREPERSON.

*Jeffrey A Taylor/HS*
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

9